On order to show cause filed November 28, 1989, petition for judicial review dismissed June 26, reconsideration denied September 4, petition for review denied October 29, 1991 (312 Or 234)

OREGON OPERATING ENGINEERS
JOINT APPRENTICESHIP AND
TRAINING COMMITTEE;
The Associated General Contractors of America, Inc.,
Oregon-Columbia Chapter; F.E. Ward, Inc.;
Ted Aadland; Ron Anderson; Joel Burt;
Don Millet and Nadine Newman,
*Petitioners,*

*v.*

OREGON STATE APPRENTICESHIP
AND TRAINING COUNCIL
and State of Oregon,
*Respondents.*

(CA A61622)

813 P2d 76

Guy A. Randles, Michael R. Campbell, and Stoel, Rives, Boley, Jones & Grey, Portland, for petitioners.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jerome Lidz, Assistant Attorney General, Salem, for respondents.

Before Rossman, Presiding Judge, and Newman and Edmonds, Judges.

NEWMAN, J.

## NEWMAN, J.

The Oregon Operating Engineers Joint Apprenticeship and Training Committee (Committee) petitions for review of an order of the Oregon State Apprenticeship Council (Council) that dissolved Committee. Committee asks us to reverse the order, because Council issued it without holding a contested case hearing. We ordered Council to show cause why we should not summarily reverse its order. Council responded, and Committee replied.

On our own motion, we dismiss the petition for judicial review, because Council's dissolution of Committee does not constitute a contested case within any of the categories in ORS 183.310(2)(a). That statute provides:

" 'Contested case' means a proceeding before an agency:

"(A)  In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard;

"(B)  Where the agency has discretion to suspend or revoke a right or privilege of a person;

"(C)  For the suspension, revocation or refusal to renew or issue a license where the licensee or applicant for a license demands such hearing; or

"(D)  Where the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.425, 183.450, 183.460 and 183.470."

Committee argues that subsection (B) applies to its dissolution. Council argues that none of the subsections apply and, in particular, that Committee has no "right or privilege" within the meaning of subsection (B) to continued existence. We agree. Although ORS chapter 660 gives Committee a number of specific functions to perform, those functions are not rights or privileges within the meaning of subsection (B).[1]

---

[1] Those functions are:

1. to propose apprenticeship training standards for Council approval, ORS 660.137(1);

2. to administer apprenticeship training programs, ORS 660.137(2);

3. to recruit, qualify, select, approve and register apprentices for participation in the apprenticeship training program, ORS 660.137(3);

Council's dissolution of Committee cannot lead to a contested case.

Petition for judicial review dismissed.

---

4. to review and evaluate the progress of apprentices, to advance apprentices to higher levels of training and to terminate apprentices from the training program, ORS 660.137(4);

5. to approve employers as training agents for the apprenticeship program, ORS 660.137(5); and

6. to determine the average journeyman wage rate, which serves as the basis for establishing apprenticeship wage rates. ORS 660.137(6); ORS 660.142.